**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI**

**ANITA HAYNES, et al,**

        **Plaintiffs,**

        **v.**                     **Case No. 1:12-cv-722-HJW**

**CINCINNATI WAL-MART SUPERCENTER
STORE #3656, et al,**

        **Defendants**

## ORDER

        Pending is the defendants' "Motion for Summary Judgment" (doc. no. 27), which plaintiffs oppose. Defendants have submitted proposed findings of fact and conclusions of law (doc. no. 32), which the plaintiffs have highlighted as true, false, or irrelevant (doc. no. 33 at 14-25). Having carefully considered the record, including the parties' briefs, exhibits, proposed findings, and applicable authority, the Court is persuaded that genuine disputes of material fact exist, and therefore, will <u>deny</u> the motion for summary judgment, for the following reasons:

### I. Background and Procedural History

        This is a "slip and fall" premises liability action based on diversity jurisdiction. In the complaint, plaintiff Anita Haynes (age 63) alleges that on August 24, 2010, while shopping at the Wal-Mart store located in Forest Park, near Cincinnati, Ohio, she tripped and fell over a thin metal bar, extending across an aisle at ankle-height, that was part of a partially-constructed shelving unit (doc. no. 3, ¶¶ 4-11). Plaintiff cut her leg and allegedly sustained other injuries, but was able

1

to get up and walk to the customer desk and report the incident (Haynes Dep. at 45). Anita Haynes and her husband filed suit in state court against the defendants, Cincinnati Wal-Mart Supercenter Store #3656, Wal-Mart Real Estate Business Trust, Wal-Mart Stores East, LP and Wal-Mart Stores, Inc. (hereinafter collectively referred to as "Wal-mart"). Defendants timely removed the case to federal court on September 20, 2012 (doc. no. 1, "Notice of Removal").[1]

Defendants filed a motion for summary judgment, plaintiffs responded, and defendants replied (doc. no. 27-29). The Court has also considered two additional briefs, which function as a "sur-reply" and "sur-sur-reply" (doc. nos. 34, 35). The motion for summary judgment is fully briefed and ripe for consideration.

## II. Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides in relevant part:

> A party may move for summary judgment, identifying each claim or defense or the part of each claim or defense on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Rule 56(c)(1) further provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

---

[1] Defendants indicate they have been improperly identified in the Complaint.

The moving party bears the burden of proving that no genuine issue of material fact exists. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp</u>., 475 U.S. 574, 586 (1986). The court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. <u>Id</u>. at 587. In doing so, courts must distinguish between evidence of disputed material facts and mere "disputed matters of professional judgment," i.e. disagreement as to legal implications of those facts. <u>Beard v. Banks</u>, 548 U.S. 521, 529 30 (2006).

On summary judgment review, the court must determine whether the evidence presents a sufficient dispute of material fact so as to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 251-52 (1986). A party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." <u>Id</u>. at 248. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

## III. Discussion

"[B]usiness invitees are those persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." <u>Lumley v. Marc Glassman, Inc</u>., 2009 WL 295409 (Ohio App. 11 Dist.)

3

(quoting <u>Baldauf v. Kent State Univ.</u>, 49 Ohio App.3d 46, 47 (1988)). The parties do not dispute that Anita Haynes was a business invitee of Wal-Mart.

Wal-Mart owes its business invitees a duty to exercise ordinary care in maintaining its premises in a reasonably safe condition in order to insure that invitees are not unnecessarily and unreasonably exposed to danger. <u>Paschal v. Rite Aid Pharmacy, Inc.</u>, 18 Ohio St.3d 203, 204 (1985). Wal-mart, however, has no duty to protect business invitees from dangers that are "known to such invitee or are so obvious and apparent to such invitee that [s]he may reasonably be expected to discover them and protect [her]self against them." <u>Id.</u>; <u>Armstrong v. Best Buy Co., Inc.</u>, 99 Ohio St.3d 79 (2003) (when a danger is "open and obvious," a premises owner owes no duty of care to individuals lawfully on the premises). The fact that plaintiff fell while on the premises raises no presumption of negligence, and plaintiffs bear the burden of showing negligence. <u>Perry v. Eastgreen Realty Co.</u>, 53 Ohio St.2d 51, 52–53 (1977).

Business invitees are expected "to take reasonable precautions to avoid dangers that are patent or obvious." <u>Brinkman v. Ross</u>, 68 Ohio St.3d 82, 84 (1993); <u>Silbernagel v. Meijer Stores Ltd.</u>, 2006 WL 3059795, *2, ¶ 10 (Ohio App. 12 Dist.) (quoting <u>Souther v. Preble Cty. Dist. Library, West Elkton Branch</u>, 2006 WL 998188, ¶ 36 (Ohio App. 12 Dist.) ("open and obvious hazards are . . . discoverable by ordinary inspection"). The hazard does not actually have to be observed by the claimant to be an open and obvious hazard. <u>Id</u>. Rather, the determinative issue is whether the hazard is "observable." <u>Id</u>.

4

The present parties dispute whether the alleged tripping hazard was "open and obvious." Defendants argue that Mrs. Haynes' deposition testimony establishes that she "fell on a metal bar or frame for a shelving unit that was admittedly visible to her, even if she did not in fact see it" before tripping and falling over it (doc. no. 27 at 3). The metal bar was the lower part of the frame for a shelving unit that employees had not finished constructing before going on break. No orange cone or other warning sign was placed at the frame of the unfinished shelving unit, which faced a store aisle with racks of clothing. Defendants assert that the metal bar was an "open and obvious" hazard and that they had no duty to warn customers of such hazard. See, e.g., Lydic v. Lowe's Cos., Inc., 2002 WL 31111820, ¶ 10 (Ohio App. 10 Dist.) (affirming summary judgment to store because pieces of wood laying on the floor were "within clear view" and readily observable); Haller v. Meijer, 2012 WL 566655, *2, ¶ 10 (Ohio App. 10 Dist.) (affirming summary judgment to store because the video cart barrier was "a gold-colored rail-like structure that is at least six inches high and more than four feet in length. . . plainly visible to anyone who looked where they were walking").

Plaintiffs respond that the metal bar that caused Mrs. Haynes to fall was *not* "open and obvious" and that the defendants did in fact have a duty to Mrs. Hayes, and that defendants should have warned customers of such tripping hazard (doc. no. 28 at 3-4). Plaintiffs contend that "several physical aspects of the thin metal bar, when considered with its surroundings," made it "difficult to view" (Id. at 4). Plaintiffs suggest that "the size, placement, and color of the thin metal bar serve to

5

camouflage it with its surroundings" (Id.). The photographs of the unfinished shelving unit show that it was low to the ground and directly in front of a store aisle. Plaintiffs point out that the gray metal bar was not in a contrasting color that would make it more readily observable. See, e.g., Heckman v. Mayfield Country Club, 2007 WL 2875175 (Ohio App. 8 Dist.) (reversing summary judgment because it was a jury issue as to whether a doorway's "raised threshold" that plaintiff tripped over was an "open and obvious" danger; noting that threshold was same color as door). Although the parties' briefs spend much time "describing" the unfinished shelving unit and arguing about their respective descriptions of it, the record contains several clear photographs of the unfinished shelving unit. The photographs were submitted at the deposition of Mrs. Haynes and are attached to the motion for summary judgment as Exhibits 1 and 4.

Plaintiffs dispute the defendants' assertion that the photographs confirm the metal bar's "visibility" (doc. no. 33 at ¶ 9). Plaintiffs also dispute the defendants' conclusory statement that "there is no dispute that the frame was visible" (¶ 8). Plaintiffs assert that the photographs demonstrate that the thin metal bar is not "observable from certain points-of-view" (doc. no. 28 at 3) (citing Ray v. Wal-Mart Stores, Inc., 2009 WL 2783231, * (Ohio App. 4 Dist.) (reversing summary judgment because triable jury issue existed as to whether a grocery crate protruding into the aisle from beneath a display was an "open and obvious" danger)).

Because Mrs. Haynes saw the metal bar *after* she fell, the defendants urge that the metal bar was "visible," and thus, "open and obvious." Plaintiffs respond that this is an inaccurate statement of the law. Plaintiffs point out the distinction between the term "visible" (generally meaning "able to be seen") and the term "observable" (meaning "able to be seen under the circumstances") (doc. no. 28 at 3, fn. 2).

Although defendants make much of the fact that plaintiff was admittedly not looking down when she tripped over the metal bar, a plaintiff "does not have a duty to constantly look downward in order to avoid any potential dangers that were on or near the ground." Conrad v. Sears, Roebuck and Co., 2005 WL 758199 (Ohio App. 10 Dist.) (citing Texler v. D.O. Summers Cleaners & Shirt Laundry Co., 81 Ohio St.3d 677 (1998)); Mulcahy v. Best Buy Stores, LP, 2014 WL 1340657, *6, ¶ 29 (Ohio App. 5 Dist.) ("A pedestrian in a store is not required as a matter of law to constantly look downward"). Although the defendants frame their argument in terms of Mrs. Hayne's conduct in not looking down while she walked, the "open and obvious" inquiry focuses on the objective nature of the dangerous condition itself, not on a person's conduct in encountering it. Armstrong, 99 Ohio St.3d 79, at ¶ 13; Lumley, 2009 WL 295409 at *4, ¶ 24 ("the law, when determining whether a danger is open and obvious, utilizes an objective, not subjective standard"). "The fact that [plaintiff] herself was unaware of the hazard is not dispositive of the issue." Id.; see also, e.g., Bierl v. BGZ Assoc. II, L.L.C., 2013 WL 684707 (Ohio App.

3 Dist.) ("we assess whether a reasonable person would have discerned the hazard").

Plaintiffs dispute the defendants' assertion that Mrs. Haynes "had no problem identifying the alleged frame that allegedly caused her fall" (Proposed Findings of Fact, ¶ 11). Plaintiffs argue that the metal bar was *not* readily observable before she fell. The  photographs in evidence reflect that a person walking past the display and turning the corner to walk down the aisle would encounter the metal bar at ankle height. See, e.g., <u>Henry v. Dollar Gen. Stores</u>, 2003 WL 139773 (Ohio App. 2 Dist.) (reversing summary judgment because there was a jury issue where defendant had placed a tripping hazard "in a location where customers could be expected to turn or change direction"); <u>Miller v. Beer Barrel Saloon</u>, 1991 WL 87098, *3 (Ohio App. 6 Dist.) (reversing summary judgment where plaintiff had made a 90 degree turn and slipped on some rolled up mats on the floor); ); <u>Klauss v. Marc Glassman, Inc.</u>, 2005 WL 678984 (Ohio App. 8 Dist.) (reversing summary judgment because the wooden pallet that plaintiff tripped over was located in a store cross aisle and "the view of the pallet was obscured by a bench on one side and a display of merchandise on the other"); <u>Bierl</u>, 2013 WL 684707 at 6, ¶ 22 (reversing summary judgment because jury issue existed as to whether a metal brace that plaintiff tripped over was an "open and obvious" condition); <u>Mulcahy</u>, 2014 WL 1340657, ¶¶ 5, 29 (reversing summary judgment because jury issue existed as to whether the protruding bottom shelf of a standing

8

fixture that caught plaintiff's sandal, thereby causing him to fall, was "open and obvious" condition).

Plaintiffs argue that the "attendant circumstances" also made it less likely for her to notice the tripping hazard, i.e. the metal bar across the aisle. <u>Cash v. Cincinnati</u>, 66 Ohio St.2d 319 (1981) (indicating that "attendant circumstances" would include time and place, the environment or background, and any conditions that "unreasonably increase the normal risk of a harmful result of the event"). Although plaintiffs suggest that Mrs. Haynes was distracted by shopping, Ohio courts have held that "customers who are distracted by merchandising signs, goods and displays routinely encountered within a store for sales promotion are not excused from discovering open and obvious dangers." <u>Snyder v. Kings Sleep Shop, L.L.C.</u>, 2014 WL 1343678, *4 (Ohio App. 6 Dist.) (further observing that "there is nothing in the record to suggest that what appellant encountered was anything other than the type of display one would ordinarily expect to see in a furniture store").

Although it is a close issue, the Court is persuaded that reasonable minds could differ with respect to whether the tripping hazard, i.e. thin gray metal bar at ankle-height, was "open and obvious." Where reasonable minds could differ as to whether a hazard is "open and obvious," this is an issue for the jury to determine. <u>Carpenter v. Marc Glassman, Inc.</u>, 124 Ohio App.3d 236, 240 (1997). Viewing the evidence of record in the light most favorable to the plaintiffs for purposes of

summary judgment review, genuine disputes of material fact exist for the jury to determine at trial.

## IV. Oral Argument Not Warranted

Local Rule 7.1(b)(2) provides that courts have discretion whether to grant requests for oral argument. The parties have fully briefed the relevant issues. Although plaintiffs have requested oral argument, the Court finds that oral argument is not necessary. Yamaha Corp. of Am. v. Stonecipher's Baldwin Pianos & Organs, 975 F.2d 300, 301-02 (6th Cir. 1992); Schentur v. United States, 4 F.3d 994, 1993 WL 330640 at *15 (6th Cir. (Ohio)) (observing that district courts may dispense with oral argument on motions for any number of sound judicial reasons).

Accordingly, the defendants' "Motion for Summary Judgment" (doc. no. 27) is DENIED. This case shall proceed as scheduled.

IT IS SO ORDERED.

s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court

10